William H. ANDERSON

v.

**JONES & LAUGHLIN STEEL CORPORATION.**

Civ. A. No. 80–109.

United States District Court, W. D. Pennsylvania.

June 5, 1981.

Jerome M. Libenson, Pittsburgh, Pa., for plaintiff.

Robert W. Murdoch, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

WEBER, Chief Judge.

This petition for attorney's fees on subrogated recovery arises out of a recovery for a personal injury claim under the Jones Act.

The plaintiff was injured on July 4, 1977 while working as a bargeman for the defendant, on a barge owned by the defendant. The plaintiff began receiving payments from the defendant under the Longshoremen's and Harbor Workers' Compensation Act and continued to receive such payment for a total of 122 weeks.

The plaintiff filed suit under both the Longshoremen's Act and the Jones Act, alleging negligence on the part of the de-

fendant. The trial was bifurcated and the jury first determined that the plaintiff was, in fact, a seaman within the meaning of the Jones Act. The negligence question was then submitted to the jury under Jones Act only and the jury found the defendant liable in the amount of $58,216. An additional amount of $6,632 for maintenance and cure was awarded by the court.

Defendant demanded and it was conceded that the amount previously paid to the plaintiff under the Longshoremen's Act, totalling $28,899.60, should be deducted as a set-off of any jury award under the Jones Act. This amount was properly deducted and the defendant has paid the remainder of the jury verdict.

Plaintiff has now filed this petition for attorney's fees on the subrogated recovery, requesting that defendant pay fees in the amount of $11,555.84 for the subrogation recovery in favor of Hartford Insurance Company. Defendant denies that such an award of fees is appropriate here.

The issue presented is whether the employer and its insurance carrier stand on such a separate footing that an award to a plaintiff can create a third party beneficiary status in either the employer or the insurance carrier.

Plaintiff bases its claim to attorney's fees on the grounds that its efforts resulted in a Jones Act award, which was paid by the employer's insurance carrier, inured to the benefit of J & L, the employer, who recouped the payments it had made to plaintiff under the Longshoremen's Act. Since these funds were returned to the defendant through the efforts of the plaintiff, they allege that the defendant is liable for the attorney's fees allocable to the subrogation recovery.

■ The general rule is that an attorney may not recover fees from third parties that directly benefitted from his efforts. 7 Am.Jur.2d § 240; 42 A.L.R.Fed. 134 § 3. There is a recognized "common fund" exception, however, which permits the court to order counsel fees if there are third party beneficiaries that were not represented by

counsel. 42 A.L.R.Fed. 134 § 2(a); 20 Am. Jur.2d §§ 83–86. The common fund exception is predicated upon the existence of a class which directly benefits from the efforts of an attorney of one of the plaintiffs. Because only one plaintiff has put forth the effort and shouldered the expense, creating the fund, the other non-participating beneficiaries should not be unjustly enriched and should share the costs. *Vincent v. Hughes Air West*, 557 F.2d 759 (9th Cir. 1977).

The common fund exception is not applicable here. The efforts of one attorney did not create an award for a class which will be directly benefitted. This case has only one plaintiff, suing his employer for negligence under the Jones Act. The fact that this adversary action results in the employer having to be paid back certain funds it was required to pay under the Longshoremen's Act does not create a common class between the plaintiff and the defendant. The defendant is still liable for compensation for injuries received due to its negligence, regardless of whether the statute requiring payment is the Jones Act or the Longshoremen's Act.

The plaintiff attempts to draw an analogy between the case at bar and the Pennsylvania Workmen's Compensation Act, 77 P.S. § 671, which specifically provides for an award of attorney's fees to be paid by the employer when a plaintiff's recovery in a negligence action results in the employer's subrogated recovery of funds already paid out under the Act. Although neither the Longshoremen's Act nor the Jones Act specifically allow for such an award of fees, the plaintiff alleges that this case represents a similar situation and therefore the principle which allows recovery under the Workmen's Compensation Act should be applied here.

This analogy must fail here. The Workmen's Compensation Act anticipates situations in which an employer has made payments under the Act to a plaintiff who then sues a third distinct party, often the manufacturer of the machine which caused the injury, and recovers. Where a third party is found to be negligent and the cause of

the injury, the employer is entitled to recover the funds paid out. In such situations, the employer is not involved in the lawsuit and does have the position of a separate party who receives a benefit through the efforts of plaintiff's attorney.

Such is not the case here. The defendant employer made payments to the plaintiff pursuant to the Longshoremen's Act which is similar to the Workmen's Compensation Act in many respects. The plaintiff then pursued a negligence action against the shipowner, pursuant to the Jones Act. Although in the usual situation, the shipowner will be a separate third party, such is not the case here, since the shipowner in this case is also the employer. The plaintiff cannot be said to be suing a distinct third party since the party liable under either case will be the employer. The employer will not be recouping funds paid out due to the determination that another party was negligent and therefore liable. There is no third party at all in this case. The employer is liable under either Act. The two separate acts only result in a distinction as to the extent of damages to be recovered.

The plaintiff attempts to create a third party situation by alleging that the employer was the party who made actual payments under the Longshoremen's Act and Hartford Insurance Company was the party who paid the award under the Jones Act claim, resulting in repayment to the employer. The insurance carrier, however, is not a distinct third party in this situation. It is merely an agent of the insured, the employer, and its liability can only arise after a finding of liability on the part of the insured. Under the Workmen's Compensation Act, the third party's liability is totally separate from the employer's position. Such cannot be the case with an insurance company whose liability is dependent upon that of its insured.

Therefore, in accordance with the foregoing, the plaintiff's petition for attorney's fees on the subrogation recovery is DENIED and defendant's motion to satisfy the judgment is GRANTED.